IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLDEMIR N.D.C.,<br><br>Petitioner,<br><br>vs.<br><br>ERO/ICE US GENERAL ATTORNEY,<br><br>Respondent. | Civil No. 1:26-cv-06279-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 221-294-920 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Voldemir N.D.C.[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2241. He entered the United States near Eagle Pass, Texas, on October 30, 2024, and was initially taken into immigration custody. Dkt. No. 7, at pgs. 3-7. After Petitioner received a positive credible fear determination, DHS placed him in removal proceedings, granted him "Interim Parole for humanitarian purposes," and released him to reside in Port St. Lucie, Florida. *Id*. at pgs. 14-15. DHS also enrolled Petitioner in its Alternatives to Detention ("ATD") program. Dkt. No. 7, at pg. 15. Petitioner then remained at liberty for more than eighteen months while his removal proceedings remained pending. The record reflects that Petitioner "does not have a previous history

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr*., No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

of arrest," and nothing in the Respondent's exhibits identifies any violation of Petitioner's ATD requirements or other condition of his release. *Id*.

That changed on June 9, 2026. Immigration officers encountered Petitioner at the Indian River County Jail following a traffic stop. *Id*. at pg. 14. But the record states that Petitioner had been booked into the jail "without local charges," and the government's I-213 does not identify any criminal history or other intervening circumstance that prompted DHS to revoke Petitioner's release. *Id*. Nevertheless, DHS terminated Petitioner from the ATD program that same day and returned him to immigration detention. *Id*. at pgs. 14-15. Petitioner has remained detained since that time. Dkt. No. 1.

Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights. After reviewing the petition, the court informed the parties of its intention to rule directly on the petition and ordered Respondent to show cause whether any factual or legal issues distinguished this case from cases such as *Carlos Eduardo D.J. v. Mullin,* No. 1:26-cv-04029-MWJS, 2026 WL 1508426 (E.D. Cal. May 29, 2026); *Maxo Ben G. v. Warden of Mesa Verde Det. Facility*, No. 1:26-cv-03776-MWJS, 2026 WL 1457554 (E.D. Cal. May 21, 2026); *Kallebe C.F.L v. Warden, California City Corr. Ctr.*, No. 1:26-cv-03651-MWJS, 2026 WL 1374754 (E.D. Cal. May 14, 2026)*; Alfredo T.H. v. Warden of the Cent. Valley Annex*, No. 1:26-cv-03179-MWJS, 2026 WL 1455097 (E.D. Cal. May 22, 2026); *Sergio*

*D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026). Dkt. No. 4.

The court thanks Respondent for its timely response. Dkt. No. 5.[2] In its response, Respondent maintains that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), while acknowledging that *Rodriguez Vazquez v. Bostock*, --- F.4th ----, 2026 WL 2196424 (9th Cir. July 30, 2026), holds that Petitioner's detention is governed by § 1226(a). *Id*. at pg. 1. Respondent therefore acknowledges that, under binding precedent, Petitioner "is entitled to seek a custody redetermination hearing before an immigration judge." *Id*.

But Respondent's acknowledgement does not go far enough. Given Petitioner's earlier release into the community and his more than eighteen months of continued liberty under the government's ATD program, Petitioner possessed a liberty interest in his continued release. Ordinarily, the government must provide pre-deprivation notice before depriving an individual of such a liberty interest. And Respondent has not identified any "urgent concerns" in this case that might have justified providing only post-deprivation process. *Carlos U.G. v. Warden of the Cal. City Detention Ctr.*, No. 1:26-cv-04427-MWJS, 2026 WL 1999947, at *6 (E.D. Cal. July 10, 2026) (cleaned up). And because "Petitioner should have been given process before his detention," he "must be

[2] Respondent initially filed a response accompanied by exhibits concerning a different individual. Respondent has since filed corrected exhibits concerning Petitioner. *See* Dkt. No. 7.

ordered immediately released because it is not possible to remedy that constitutional violation with anything less." *Id.* at 3.

For the foregoing reasons, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED, for the reasons stated in those prior orders. Respondent is ORDERED to immediately release Petitioner Voldemir N.D.C. (A# 221-294-920) from custody. Respondent shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondent is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

///

///

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner. This order resolves all pending motions.

IT IS SO ORDERED.

DATED: August 25, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge